1

**DEFENDANT'S COUNTERCLAIM**

2      Defendant and Counterclaimant MPH International LLC ("MPH" or
3  "Counterclaimant"), by and through undersigned counsel, brings this Counterclaim against
4  Defendant Support Community, Inc. ("Support Community" or "Counter-Defendant"),
5  subject to and without waiver of MPH's contractual right to arbitrate, and alleges as
6  follows:

7

**Introduction**

8      1.    This Counterclaim is for infringement of Counterclaimant's federally
9  registered copyright, pursuant to 17 U.S.C. § 501, to recover damages arising out of
10 Support Community's unauthorized misappropriation and unauthorized use of elements of
11 Counterclaimant's proprietary software, and for related claims arising under the laws of the
12 State of California.

13

**Parties**

14     2.    Counterclaimant MPH International LLC ("MPH" or "Counterclaimant") is
15 a limited liability company duly organized and existing under the laws of the State of
16 Nevada. Counterclaimant is qualified to do business in the State of California, and in this
17 District.

18     3.    Upon information and belief, Counter-Defendant Support Community Inc.
19 ("Support Community" or "Counter-Defendant") is a corporation organized and existing
20 under the laws of the State of Delaware.

21     4.    Counterclaimant does not know the true names of Counter-Defendants Does
22 1 to 25, inclusive, and therefore sues them by those fictitious names. Counterclaimant is
23 informed and believes, and on that basis alleges, that each of the Doe Counter-Defendants
24 was in some manner legally responsible for the events and happenings alleged in this
25 complaint and for Counterclaimant's damages.

26     5.    Upon information and belief, at all times mentioned in this complaint, each
27 Counter-Defendant was and is the agent, joint venturor, and alter-ego of each other

28

1  Counter-Defendant, and in doing the things alleged in this complaint each Counter-

2  Defendant was and is acting within the course and scope of that agency and joint venture.

3

4                          **Jurisdiction and Venue**

5       6.      This case involves a cause of action arising under the U.S. Copyright Act,

6  17 U.S.C. § 101 et. seq.

7       7.      This Court has subject matter jurisdiction over this matter pursuant to 28

8  U.S.C. §§ 1331 and 1338 because it involves federal questions arising under the Copyright

9  Act, 17 U.S.C. §§ 101 et seq.

10      8.      Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction

11  over Support Community's state law claims in its Complaint, and over MPH's state law

12  claims in this Counterclaim.

13      9.      Support Community is subject to the personal jurisdiction of this Court

14  because Support Community is incorporated in this jurisdiction, and/or Support

15  Community has purposefully availed itself of the benefits of doing business in this District

16  by providing services to the residents of this District and by selling products and services

17  to businesses and individuals located in this District.

18      10.     Venue is proper under 28 U.S.C. §§ 1400(a) and 1391(c) in that, upon

19  information and belief, Support Community is a resident of this District because it is a

20  company subject to personal jurisdiction in this District. Venue is also proper in this judicial

21  district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a) because Support

22  Community has committed acts within this District giving rise to the action.

23                          **Facts Common to All Claims**

24      11.     MPH is in the business of developing customized web and mobile

25  application software solutions, and licensing such software solutions to others in exchange

26  for a license fee. MPH also offers support, maintenance, and other ancillary services

27  relating to MPH's software. MPH's customers typically include business clients with a

28  need for software solutions they can incorporate into their business operations.

12.    On or around December 2016, MPH and Support Community entered into a business relationship whereby MPH agreed to develop and maintain certain web applications and (later) mobile applications that Support Community could use to service its own customers by enabling them to engage in certain types of online communications and interactions.

13.    MPH has not located an executed copy of an agreement covering MPH's services and, upon information and belief, Support Community has not located an executed copy either.

14.    Upon information and belief, MPH and Support Community each performed in accordance with an unsigned document entitled "MPH International Development Program Agreement," dated November 21, 2016, which writing both parties treated and ratified as the enforceable agreement governing their relationship (the "DPA"). The DPA includes a provision requiring arbitration of all disputes between the parties.

15.    Among other things, the DPA provides that MPH agreed to deliver to Support Community a software "Product" consisting of a functional application in executable software code, along with a non-exclusive limited license entitling Support Community to use the software in connection with Support Community's business.

16.    The DPA explicitly states that the license granted to Support Community is not exclusive. The DPA does not assign to Support Community the copyrights, or any other intellectual property embodied in the Product, including the source code. The copyrights to the software were always to remain, and have always remained, with MPH. Section 2.2.4 of the DPA states that "No rights are conferred other than as mentioned herein." MPH never promised or agreed to deliver the source code to Support Community, which never had the need for it, because MPH operated and maintained the Product for Support Community.

17.    From the start of the parties' business relationship around December 2016, until about November 2022, Support Community paid MPH ongoing licensing fees in exchange for MPH's development and maintenance of the software MPH developed pursuant to the DPA.

18.    One of MPH's most valuable business assets, and the source of MPH's critical competitive advantages, was MPH's business relationship with a team of software developers and engineers located in the Philippines – a relationship which MPH developed through close personal and professional connections in the Philippines. MPH manages its team of developers through an independent professional employment organization ("PEO") located in the Philippines, and considers its relationship with the PEO to be highly valuable and proprietary. Working closely with the PEO, MPH currently has devoted significant efforts and resources to selecting and training over 160 developers and engineers MPH uses to service MPH's clients.

19.    Information about the identity, recruitment, selection, training, and supervision of this staff, as well as the methods, processes, and procedures for effectively working across two different cultures, is considered highly sensitive and proprietary information that MPH zealously guards. Few other persons or entities would be able to build such an effective and efficient high technology operation in the Philippines. Support Community certainly would not have been able to do that by itself without MPH's input.

20.    Contrary to the allegations raised in Support Community's Complaint against MPH, MPH never represented to Support Community that it was charging for the Philippine software engineers' services at cost. MPH never purported to represent or disclose to Support Community its own personnel expenses, which, as with most businesses, MPH guarded as sensitive and proprietary information and potentially subject to privacy laws. Support Community knew or should have known that in any business, including an offshore software development business like MPH, the fees charged to a client must cover more than the direct salaries and benefits of the offshore developers.

21.    Contrary to the allegations raised in Support Community's Complaint against MPH, Support Community never relied on any representation by MPH regarding what MPH paid its Philippines software development staff. Upon information and belief, Support Community never based any decisions on what it thought the Philippine staff was being paid.

22.     Support Community periodically complained about MPH's fees and asked MPH for discounts. In response, starting in September 2017, MPH waived $5,000 per month in fees in the spirit of helping Support Community and as consideration for Support Community's promise to grant MPH a 3% equity interest in Support Community.

23.     In response to Support Community's imprecations, MPH agreed to offer further discounts to Support Community. For example, on or around March 2020, MPH agreed to defer $4,300 in fees per month, to be recouped later in the form of Support Community stock. The deferral of fees in exchange for equity participation is documented in writing in the invoices MPH sent to Support Community.

24.     By November 2022, the parties' relationship became acrimonious. Despite the fact that MPH's principal was undergoing significant medical procedures at the time that required an extended recovery period, and MPH therefore asked Support Community for additional time to help resolve any concerns Support Community had regarding its relationship with MPH; on or about November 22, 2022 Support Community notified MPH that it was terminating the parties' business relationship. Upon information and belief, Support Community deliberately and oppressively took advantage of the illness, disability, and incapacity of MPH's principal to carry out its wrongful conduct described herein.

25.     Upon information and belief, around the same time Support Community terminated its business relationship with MPH, Support Community secretly plotted to hire away members of MPH's software development team in the Philippines that worked on the development and maintenance of MPH's software. The individuals Support Community hired away from MPH were bound by confidentiality agreements with MPH not to disclose any of MPH's confidential information to third parties, including Support Community. The intellectual property rights to the work product these individuals produced for MPH's benefit was assigned to MPH pursuant to intellectual property assignment agreements.

26.     Upon information and belief, by hiring away MPH's team members in the Philippines and having them copy and/or bring with them MPH's confidential information relating to the software MPH developed for Support Community, including the source code

1  underlying the software and other confidential information and materials that such former

2  members of MPH's team possessed in relation to MPH and MPH's software, Support

3  Community was able to cut out MPH, and effectively take an unauthorized assignment of

4  source code and other proprietary information and materials belonging to MPH.

5      27.    Upon information and belief, Support Community was also able to

6  reproduce elements of MPH's software, without MPH's authorization, that MPH's

7  software development team in the Philippines produced while working for MPH.

8      28.    Upon information and belief, after obtaining unauthorized access to the

9  source code and other proprietary materials relating to MPH's software, Support

10  Community continued to use MPH's software without MPH's authorization.

11      29.    Upon information and belief, Support Community also used MPH's

12  software code and other ancillary materials to develop its own competing software

13  solutions that were derived from MPH's Software ("Support Community's Derivative

14  Applications").

15      30.    Upon information and belief, Support Community has either already used

16  Support Community's Derivative Applications to service Support Community's clients, or

17  Support Community intends to do so in the future.

18                                    **Count One**

19            **Direct Copyright Infringement (17 U.S.C. § 101 et seq.)**

20      31.    MPH realleges and incorporates by reference the allegations of above as if

21  fully set forth herein.

22      32.    To protect MPH's rights in the software developed during the course of its

23  relationship with Support Community, MPH has obtained four (4) U.S. copyright

24  registrations relating to such software -- U.S. Copyright Reg. Nos. TX 9-299-087, TX 9-

25  300-357, TX 9-301-040, and TX 9-303-150 (the "Copyrighted Software"). Copies of the

26  registration certificates for these copyright registrations are attached hereto as **Exhibit A**.

27

28

33.    Two of MPH's copyright registrations, namely,  U.S. Copyright Reg. Nos. TX 9-300-357 and TX 9-301-040, protect the web application version of the software MPH developed during the course of MPH's business relationship with Support Community.

34.    MPH's other two copyright registrations, namely, U.S. Copyright registration nos. U.S. Copyright Reg. Nos. TX 9-299-087 and TX 9-303-150, protect the mobile application version of the software MPH developed during the course of MPH's business relationship with Support Community.

35.    MPH's Copyrighted Software consists of original copyrightable work. MPH has complied in all material respects with 17 U.S.C. § 101 et seq. and has secured exclusive rights in the Copyrighted Software and has properly received its copyright registration in the Copyrighted Software from the U.S. Copyright Office in accordance with its rules and regulations.

36.    Upon information and belief, Support Community has used the Copyrighted Software in a manner that exceeds the license MPH granted to Support Community, including by making unauthorized copies of the Copyrighted Software, including elements of the source code and user interface of the Copyrighted Software; and making unauthorized derivatives of the Copyrighted Software, including elements of the source code and user interface of the Copyrighted Software; and encouraging and allowing others to make unauthorized use the Copyrighted Software, , including elements of the source code and user interface of the Copyrighted Software. In doing so Support Community has infringed and continued to infringed MPH's rights in the Copyrighted Software in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

37.    MPH requires discovery to identify with precision the elements of the source code and user interface that Support Community has misappropriated. Upon information and belief, discovery will enable MPH to identify such elements.

38.    The natural and probable foreseeable result of Support Community's wrongful conduct has been to deprive MPH of the benefits of selling products embodying

1  the Copyrighted Software and licensing to others products embodying the Copyrighted

2  Software, and to injure MPH 's relationship with present and prospective customers.

3      39.    Support Community's production, use, and sale of the infringing products,

4  and Support Community 's other wrongful conduct alleged herein has also deprived and

5  continues to deprive MPH of the opportunity of expanding its goodwill.

6      40.    Upon information and belief,  Support Community's acts of infringement

7  were willful, made in bad faith, and executed with full knowledge of MPH 's copyright,

8  and in conscious disregard for MPH 's exclusive rights in the Copyrighted Software.

9      41.    Support Community's deliberate infringement of MPH's copyright has

10  greatly and irreparably damaged MPH, and Support Community will continue to damage

11  MPH greatly and irreparably unless enjoined by this Court. In the absence of injunctive

12  relief, MPH will have no adequate remedy at law. Accordingly, MPH is entitled to a

13  temporary and permanent injunction in accordance with 17 U.S.C. § 502.

14      42.    By reason of Support Community's acts of infringement alleged herein,

15  MPH has sustained and will continue to sustain substantial injury, loss, and damage to its

16  ownership rights in the Copyrighted Software, and to MPH's business.

17      43.    Because MPH is without an adequate remedy at law, MPH is entitled to an

18  injunction, in accordance with 17 U.S.C. § 502, restraining Support Community, its

19  officers, directors, agents, employees, representatives, assigns, and all persons acting in

20  concert with Support Community from engaging in further acts of copyright infringement.

21      44.    MPH is further entitled to recover from Support Community the gains,

22  profits, and advantages Support Community has obtained as a result of copyright

23  infringement.

24      45.    At its election, MPH is entitled to recover statutory damages in accordance

25  with 17 U.S.C. § 504.

26      46.    MPH is also entitled to recover costs and attorneys' fees in accordance with

27  17 U.S.C. § 505.

28

47.    MPH is informed and believes, and on that basis alleges, that unless enjoined by this Court, Support Community will continue its course of conduct and will continue to wrongfully use, infringe upon, sell, and otherwise profit from the Copyrighted Software and/or Support Community's Derivative Applications.

## Count Two

### Contributory Copyright Infringement

48.    MPH realleges and incorporates by reference the allegations above as if fully set forth herein.

49.    Upon information and belief, by soliciting members of MPH's software development team in the Philippines, and demanding that they bring the Copyrighted Software for use in their forward-going direct work for Support Community, Support Community has promoted, encouraged, enticed, persuaded, and/or induced others to infringe the Copyrighted Software by making unauthorized uses, copies, and derivative works of the Copyrighted Software, including the source code and user interfaces of the Copyrighted Software registered by MPH in U.S. Copyright Registration Nos. TX 9-299-087, TX 9-300-357, TX 9-301-040, and TX 9-303-150.

50.    MPH requires discovery to identify with precision the elements of the source code and user interface that members of the Philippines development team were encouraged or induced by Support Community to misappropriate. Upon information and belief, discovery will enable MPH to identify such elements.

51.    Upon information and belief, Support Community knew that members of MPH's software development team in the Philippines had no authorization from MPH to make the unauthorized uses, copies, and derivative works of the Copyrighted Software, including the source code and user interfaces of the Copyrighted Software registered by MPH in U.S. Copyright Registration Nos. TX 9-299-087, TX 9-300-357, TX 9-301-040, and TX 9-303-150. Furthermore, Support Community knew that such unauthorized actions by MPH's software development team in the Philippines constituted infringement of the Copyrighted Software, including the source code and user interfaces of the Copyrighted

1   Software registered by MPH in U.S. Copyright Registration Nos. TX 9-299-087, TX 9-
2   300-357, TX 9-301-040, and TX 9-303-150

3       52.    Upon information and belief, Support Community induced, caused, and/or
4   materially contributed to the infringing conduct of MPH's software development team in
5   the Philippines, including by engaging in personal conduct that encourages or assists the
6   infringement.

7       53.    By reason of Support Community's acts of contributory infringement
8   alleged herein, MPH has sustained and will continue to sustain substantial injury, loss, and
9   damage to its ownership rights in the Copyrighted Software, and to MPH's business.

10                                **Count Three**

11                    **Misappropriation of Trade Secrets**

12      54.    MPH realleges and incorporates by reference the allegations above as if
13  fully set forth herein.

14      55.    MPH's confidential and proprietary information, and each portion or item
15  of it, qualifies for full protection as a trade secret under Cal. Civ. Code § 3426, et seq., et
16  seq., in that the information derives independent economic value from its being not
17  generally known, and is subject to reasonable efforts by MPH to maintain its secrecy.

18      56.    Upon information and belief, since at least November 2022, Support
19  Community has unlawfully used, disclosed, or otherwise misappropriated MPH's
20  confidential and proprietary information to develop derivative works deriving from the
21  software that MPH developed for Support Community.

22      57.    As a proximate consequence of Support Community's acts, MPH has lost
23  sales and profits in its business of providing software development services, and has been
24  damaged in an amount to be proven.  Additionally and alternatively, MPH has suffered and
25  continues to suffer irreparable injury for which injunctive relief is required.

26      58.    As a proximate consequence of Support Community's acts, Support
27  Community has been unjustly enriched in the amount of customers, sales, revenues, profits,
28  commissions, income, and other economic benefits they would not otherwise have gained

1   had they not unlawfully misappropriated, and induced and solicited the misappropriation

2   of, MPH's confidential and proprietary information. This unjust enrichment must be

3   disgorged to MPH.  The exact amount of profits and unjust enrichment Support Community

4   gained as a result of their unlawful acts is unknown and cannot be ascertained without an

5   accounting.  MPH has no speedy and adequate remedy in law, and unless this Court orders

6   an accounting, Support Community will not disgorge their unjust enrichment.

7        59.    Upon information and belief, Support Community misappropriation of

8   MPH's confidential and proprietary information was and is willful, malicious, oppressive,

9   and in bad faith, and the Court should order Support Community to pay to MPH exemplary

10  damages sufficient to deter Support Community from their actions.

11                                  **<u>Count Four</u>**

12                              **Breach of Contract**

13       60.    MPH realleges and incorporates by reference the allegations above as if

14  fully set forth herein.

15       61.    During the parties' business relationship, Support Community agreed to

16  convey to MPH an equity interest in Support Community in consideration of MPH's

17  reducing its normal ongoing fees, which agreement is memorialized in writing.

18       62.    MPH performed by giving a discount on invoices issued to Support

19  Community, which invoices reflected the agreement to convey to MPH an equity interest

20  in Support Community.

21       63.    Support Community has not performed its promise to convey to MPH an

22  equity interest in Support Community, and MPH is damaged thereby in an amount to be

23  proven at trial.

24                                  **<u>Count Five</u>**

25                **Reasonable Reliance and Unjust Enrichment**

26       64.    MPH realleges and incorporates by reference the allegations of above as if

27  fully set forth herein.

28

65.    During the parties' business relationship, Support Community represented to MPH that Support Community would convey an equity interest in itself to MPH if MPH would reduce its normal ongoing fees.

66.    In reliance upon Support Community's representation, MPH forbore a portion of its ongoing fees, but Support Community did not convey the promised equity interest.

67.    As a proximate consequence of Support Community's acts, Support Community has been unjustly enriched in an amount to be proven at trial.

## Count Six

### Tortious Interference with Contractual and Business Relationship

68.    MPH realleges and incorporates by reference the allegations above as if fully set forth herein.

69.    During the parties' business relationship, there exist certain economic relationships between MPH and certain third parties who are long-standing contractors and collaborators in MPH's business, which relationships contain a probable future economic advantage or benefit to MPH.

70.    With full knowledge of the economic relationships between MPH and these third-parties, Support Community willfully and intentionally engaged in wrongful acts to disrupt these economic relationships.  As a proximate consequence of Counter-Defendants' acts, such relationships were and are disrupted, and Counterclaimant has been damaged in an amount to be proved at trial. Additionally and alternatively, Counterclaimant has suffered and continues to suffer irreparable injury for which injunctive relief is required.

## PRAYER FOR RELIEF

WHEREFORE, MPH respectfully requests that the Court enter judgment in its favor and against Support Community as follows:

A.    For a preliminary and permanent injunction enjoining and restraining Support Community and all persons acting in concert with Support Community from reproducing, distributing, creating derivative works, displaying, advertising, promoting,

1  offering for sale and/or selling, or performing any materials that are substantially similar to

2  the Copyrighted Software, including Support Community's Derivative Applications, and

3  to destroy and certify to the Court such destruction or deliver to the Court for destruction

4  or other reasonable disposition all such materials and means for producing same in Support

5  Community 's possession or control;

6      B.      For a preliminary and permanent injunction enjoining and restraining

7  Support Community and its agents, servants, employees, attorneys, and all persons acting

8  in concert and participation with it from infringing upon MPH 's copyrights.

9      C.      For actual damages, punitive damages, and Support Community 's profits to

10  be determined at trial, plus interest;

11     D.      For statutory damages of $150,000 per infringement pursuant to 17 U.S.C.

12  § 504, at MPH 's election;

13     E.      For an award of reasonable attorney's fees and costs under 17 U.S.C. § 505;

14  and

15     F.      For such other and further relief as the Court deems just and proper.

16                              **<u>DEMAND FOR JURY TRIAL</u>**

17     MPH respectfully demands trial by jury on all claims so triable.

18

19  DATED:  October 30, 2023

20

21                                    /s/ Duy Thai
                                      Duy Thai
22                              Attorney for Defendant and
                                      Counterclaimant
23                              MPH International LLC

24

25

26

27

28