UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPPORT COMMUNITY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MPH INTERNATIONAL LLC,<br><br>Defendant. | Case No.  23-cv-04911-JSW<br><br>**ORDER GRANTING MOTION TO STRIKE AND GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS COUNTERCLAIMS, WITH LEAVE TO AMEND, AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 21 |

Now before the Court for consideration is the motion to strike and motion to dismiss filed by Plaintiff and Counterclaim-Defendant Support Community, Inc. ("Support Community").  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS the motion to strike, and GRANTS, IN PART AND DENIES, IN PART, the motion to dismiss, with leave to amend.[1]

## BACKGROUND

**A.     Procedural History.**

On January 12, 2023, Support Community filed a complaint against Defendant and Counterclaim Plaintiff, MPH International, LLC ("MPH") in the Superior Court for the State of California, County of San Mateo.  (Notice of Removal, ¶ 2; Declaration of Gary S. Sedlik ("Sedlik Decl."), ¶ 3.)  On September 25, 2023, MPH filed a combined Answer and Cross-Complaint and removed the action to this Court.  (Notice of Removal, Ex. A.)

---

[1]     The footnotes in Support Community's briefs violate Northern District Civil Local Rule 3-3-4(c)(2).  The Court advises the parties that, going forward, it will strike any brief that violates that rule without further notice.

1    On October 24, 2023, the parties filed a stipulation permitting MPH to "amend its answer

2  and counterclaims (currently entitled Answer and Cross-Complaint)" by October 30, 2023.

3  Support Community would respond to the "amended answer and counterclaims" in accordance

4  with the Federal Rules of Civil Procedure.  (*See* Dkt. No. 17.)

5    On November 7, 2023, MPH filed an amended counterclaim ("Counterclaim), which did

6  not include an answer.[2]  (Dkt. No. 20.)  On November 14, 2023, Support Community filed its

7  motion to strike and motion to dismiss.

8  **B.    Factual Background of Counterclaim.**

9    MPH develops "customized web and mobile application software solutions" and licenses

10  those solutions to others for a fee.  (Counterclaim ¶ 11.)  In December 2016, MPH agreed to

11  "develop and maintain certain web applications and (later) mobile applications that Support

12  Community could use to service its own customers by enabling them to engage in certain types of

13  online communications and interactions."  (*Id.* ¶ 12.)  MPH also alleges, on information and

14  belief, that the parties operated pursuant to an unsigned "MPH International Development

15  Program Agreement" dated November 21, 2016 (the "DPA").  (*Id.* ¶ 14.)  The DPA granted

16  Support Community a non-exclusive license "to use the software in connection with Support

17  Community's business" but did not assign Support Community "copyrights, or another other

18  intellectual property embodied in the Product, including the source code."  (*Id.* ¶¶ 15-16.)

19    MPH also alleges that during the course of the parties' relationship, Support Community

20  complained about MPH's fees.  In response, MPH agreed to waive some of its fees in exchange

21  for equity in Support Community.  (*Id.* ¶¶ 22-23.)  "By November 2022, the parties' relationship

22  became acrimonious" and, on November 22, 2022, Support Community advised MPH that it was

23  terminating their relationship.  MPH alleges, on information and belief, that around the same time

24  Support Community obtained MPH's source code, reproduced elements of MPH's software

25  without authorization, and used MPH's source code and other materials to develop competing

26  software solutions.  (*Id.* ¶¶ 24-30.)

27

28  [2]    MPH filed an amended counterclaim on October 30, 2023 but it did not include a caption page.  (Dkt. No. 18.)

United States District Court
Northern District of California

1    Based on these and other allegations the Court will discuss in the analysis, MPH alleges

2    that Support Community engaged in direct and contributory copyright infringement,

3    misappropriated trade secrets, and breached the agreement to give MPH an equity interest in

4    Support Community.[3]

5                                            **ANALYSIS**

6    **A.    The Court Grants Support Community's Motion to Strike.**

7         Support Community argues the Court should strike MPH's counterclaim because it does

8    not conform with the Federal Rules of Civil Procedure.  Rule 13 provides that "[a] pleading must

9    state as a counterclaim any claim that -- at the time of its service -- the pleader has against an

10   opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject

11   matter of the opposing party's claim; and (B) does not require adding another party over whom the

12   court cannot acquire jurisdiction."

13        Rule 7(a) lists the "pleadings" allowed and does not list a counterclaim as a separate

14   pleading.  Thus, the usual practice is to include a counterclaim in an answer.  *See, e.g.,*

15   *Monumental Life Ins. Co. v. Butler*, No. CV 13-01861 MMM (PJWx), 2013 WL 12142636, at *1-

16   *2 (C.D. Cal. July 22, 2013) (citing cases).  The Court grants Support Community's motion to

17   strike but will address Support Community's argument that MPH fails to state claims for relief.

18   **B.    The Court Grants, in Part, Support Community's Motion to Dismiss.**

19        Support Community also moves to dismiss MPH's first four counterclaims pursuant to

20   Rule 12(b)(6).  A court's inquiry under Rule 12(b)(6) "is limited to the allegations in the

21   complaint, which are accepted as true and construed in the light most favorable to the plaintiff."

22   *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Even under the liberal pleading

23   standard of Rule 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to

24   relief' requires more than labels and conclusions, and formulaic recitation of the elements of a

25   cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing

26

27   [3]    MPH also asserts counterclaims for unjust enrichment and tortious interference with

28   contract.  Support Community has not moved to dismiss those counterclaims.

United States District Court
Northern District of California

1    *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

2        Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must

3    instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A

4    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

5    the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

6    556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  A party may include allegations

7    based on information and belief but those allegations must be "accompanied by a statement of

8    facts on which the belief is founded."  *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480,

9    493-94 (9th Cir. 2019) (internal quotations and citations omitted).

10        If the allegations are insufficient to state a claim, a court should grant leave to amend

11   unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus. Inc.*, 912 F.3d 291, 296 (9th

12   Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th

13   Cir. 1990).

14        **1.       Direct Copyright Infringement.**

15        In order to plead a claim for direct copyright infringement, MPH must allege it owns valid

16   copyrights.  *Feist Publ'ns Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  That element is

17   not in dispute.  MPH alleges it owns four U.S. copyright registrations, two of which "protect the

18   web application version of … software MPH developed during the course of [its] business

19   relationship with Support Community."  The other two copyright registrations protect the "mobile

20   application version" of the software.  (Counterclaim ¶¶ 32-34 Ex. A.)

21        The second element of MPH's claim requires it to plead "copying of constituent elements

22   of the work that are original."  *Feist,* 499 U.S. at 361.  Because MPH alleges it granted Support

23   Community a license to use the software, MPH must allege facts to show Support Community

24   exceeded the scope of the license.  *See, e.g., MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d

25   928, 939-40 (9th Cir. 2010).  MPH alleges on information and belief, that Support Community

26   exceeded the scope of the license by making "unauthorized copies of" and "unauthorized

27   derivatives of" the software "including elements of the source code and user interface[.]"

28   (Counterclaim ¶ 36.)  Support Community argues these allegations are too conclusory to state a

1    claim.

2        In *Brocade Communications v. A10 Networks, Inc.*, the plaintiff brought a claim for

3    copyright infringement based on allegations that the defendant recruited plaintiff's employees and

4    gained access to defendant's source code.  No. 10-cv-3428-LHK, 2011 WL 10444899, at *2 (N.D.

5    Cal. Mar. 23, 2011).  The plaintiff also alleged that by doing so, the defendant was able to launch

6    a specific line of products using software code "copied from, or substantially similar" to the

7    plaintiff's source code and that the defendant retained an unauthorized copy of the source code.

8    *Id.*, at *8.  The court concluded the allegations were sufficient to state a claim.  *Id.*

9        The Court recognizes that it may "be difficult or impossible for a plaintiff to examine

10   accused source code before some discovery has occurred."  *Id.*  However, the Court concludes that

11   the similarities between MPH's allegations and the allegations in *Brocade* end with the allegations

12   that source code is at issue.  The remaining allegations are too conclusory to show that Support

13   Community copied the source code.  *See, e.g., Richtek Tech. Corp. v. UPI Semiconductor Corp.*,

14   No. 09-cv-5659-WHA, 2011 WL 166198, at *3 (N.D. Cal. Jan. 18, 2011) (dismissing claim for

15   infringement where plaintiff's allegations did "not identify even a category of works or acts by

16   [defendant] accused of infringement").

17       Accordingly, the Court GRANTS Support Community's motion to dismiss this

18   counterclaim.  Because the Court cannot say it would be futile, it will grant MPH leave to amend.

19       **2.    Contributory Copyright Infringement.**

20       In order to state a claim for contributory infringement, MPH must allege that Support

21   Community knew of "(1) a third party's infringing activity, and (2) induce[d], cause[d] or

22   materially contribute[d] to the infringing conduct."  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494

23   F.3d 788, 795 (9th Cir. 2007) (internal quotation marks omitted).  A claim for contributory

24   infringement requires direct infringement.  *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d

25   1004, 1013 n.2 (9th Cir. 2001).  Because MPH has not stated a claim for direct infringement, it

26   fails to state a claim for contributory infringement.

27       Support Community also argues that MPH fails to state a claim because its allegations are

28   based on conduct that took place in the Philippines.  (*See, e.g.,* Counterclaim ¶¶ 49, 51.)  "In

1    general, United States copyright laws do not have extraterritorial effect." *Peter Starr v. Twin*

2    *Continental Films,* 783 F.2d 1440, 1442 (9th Cir. 1986); *accord Los Angeles News Serv. v.*

3    *Reuters Television Int'l Ltd.*, 149 F.3d 987, 990 (9th Cir. 1998).  MPH, in turn, argues that it

4    alleges that Support Community is servicing, or intends to service, its clients with products

5    developed using MPH's source code, creating the requisite nexus to the United States.  (*See*

6    Counterclaim ¶¶ 29-30.)  These allegations also are based on information and belief but do not

7    include the facts on which that belief is founded.  MPH argues that Support Community's

8    complaint includes facts about clients in the United States, but those facts are not alleged in the

9    Counterclaim.

10        Accordingly, the Court concludes MPH has not alleged facts to show an act of

11    infringement in the United States and GRANTS Support Community's motion to dismiss the

12    claim for contributory infringement on this basis as well.  Because the Court cannot say it would

13    be futile, the Court will grant MPH leave to amend.

14        **3.    Misappropriation of Trade Secrets.**

15        Support Community argues that MPH has not identified anything that would qualify as a

16    trade secret.  The Court agrees, in part.  Source code may qualify as a trade secret.  *See, e.g.,*

17    *Integral Dev. Corp. v. Tolat,* 675 Fed. Appx. 700, 703 (9th Cir. 2017).  Paragraphs 55 through 59

18    of the Counterclaim consist of nothing more than a recitation of the elements of the claim and,

19    standing alone, are insufficient under *Twombly* to state a claim.  550 U.S. at 555.  MPH also

20    alleges that members of its software development team were bound by agreements not to disclose

21    confidential information, which MPH alleges includes the source code.  (Counterclaim ¶¶ 25-26.)

22    Therefore, MPH includes allegations about the efforts it made "to maintain the secrecy of the

23    source code[.]"  *Integral Dev. Corp.*, 675 Fed. Appx. at 703; *see also Lilith Games (Shanghai) Co.*

24    *v. uCool, Inc.*, No. 15-cv-01267-SC, 2015 WL 4128484, at *5 (N.D. Cal. July 8, 2015)

25    (concluding plaintiff stated a claim based on misappropriation of source code where plaintiff

26    "alleged [it] closely guards its software code and maintains it as strictly confidential at all times"

27    and "only authorized personnel are permitted access to [its] computer software code").  The

28    registration certificates do not include information that suggests the source code was available for

public inspection.  The Court cannot find on this record that the claim would be preempted by the Copyright Act and concludes the allegations about the source code are sufficient to state a claim. *See Lilith Games*, 2015 WL 4128484, at \*5.

MPH also argues that this claim is based on programs and methods relating to its development team in the Philippines.  Although MPH alleges that "[i]nformation about the identity" of this staff is "information that MPH zealously guards," its registration certificates identify individuals in the Philippines.  (Counterclaim, Ex. A.)  Assuming for the sake of argument that the methods it uses to recruit, select, and train these individuals and MPH's "methods, process, and procedures for effectively working across two different cultures" would qualify as trade secrets, MPH fails to include any facts to show how it "zealously guards" that information. The Court concludes these allegations are insufficient to state a claim.

Accordingly, the Court GRANTS, IN PART, AND DENIES, IN PART, Support Community's motion to dismiss the claim for misappropriation of trade secrets.  Because the Court cannot say it would be futile, it will grant MPH leave to amend.

**4.      Breach of Contract.**

Support Community moves to dismiss the breach of contract claim on the basis that the allegations are insufficient to plead the terms of the contract.  MPH alleges that it agreed to waive monthly fees in exchange for a 3% interest in Support Community and that Support Community failed to convey the latter to MPH.  The Court concludes that MPH sufficiently alleges the legal effect of the contract and DENIES Support Community's motion to dismiss this claim.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Support Community's motion to strike and GRANTS, IN PART, AND DENIES, IN PART, its motion to dismiss.  The Court GRANTS MPH leave to amend.  Whether or not MPH chooses to amend its counterclaims, it must file a single document that contains its answer and counterclaims.  MPH's amended pleading shall be due by no later than January 31, 2024, and Support Community shall file its response by no later than February 21, 2024.

The parties shall appear for an initial case management conference on March 8, 2024 at

United States District Court
Northern District of California

11:00 a.m. and shall file a joint case management conference statement by March 1, 2024.

**IT IS SO ORDERED.**

Dated: January 9, 2024

_____
JEFFREY S. WHITE
United States District Judge