Jack Russo (Cal. Bar No. 96068)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800 office
jrusso@computerlaw.com

Attorney for Defendant
and Counterclaimant
MPH International LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **SUPPORT COMMUNITY, INC.**, a Delaware Corporation,<br><br>    Plaintiff;<br><br>    v.<br><br>**MPH INTERNATIONAL LLC,** a Nevada Limited Liability Company, DOES 1 through 25, inclusive,<br><br>    Defendant;<br><br>**MPH INTERANTIONAL LLC,** a Nevada Limited Liability Company,<br><br>    Counterclaimant,<br><br>    v.<br><br>**SUPPORT COMMUNITY, INC.,** a Delaware Corporation, DOES 1 through 25, inclusive,<br><br>    Counter-Defendants | **DEFENDANT'S ADMINISTRATIVE MOTION TO WITHDRAW MOTION FOR SUMMARY JUDGMENT [DKT #63] PURSUANT TO CIVIL LOCAL RULE 7-11**<br><br>Complaint Filed: January 12, 2023<br>Trial Date: September 14, 2026<br><br>Motion hearing date: September 12, 2025 |

Defendant MPH respectfully moves this Court for an order withdrawing Defendant's Motion for Summary Judgment filed on June 17, 2025 (Dkt. #63). This administrative motion is brought pursuant to Civil Local Rule 7-11 of the United States District Court, Northern District of California to address citation accuracy issues discovered after filing that require correction to ensure compliance with the duty of candor to the tribunal.

## RELIEF REQUESTED

Defendant requests that this Court enter an order withdrawing Defendant's Motion for Summary Judgment and vacating the hearing currently scheduled on the motion.

## BACKGROUND AND REASONS FOR MOTION

Following the filing of Defendant's Motion for Summary Judgment, opposing counsel Gary Sedlik brought to Defendant's attention last Friday night citation defects in the brief, including references to case law that cannot be located in standard legal databases. Upon immediate investigation, Defendant discovered that certain citations in the brief do not correspond to actual published decisions.

This situation arose during a period when Defendant's lead counsel Jack Russo was recovering due to COVID-19 illness during the critical brief preparation and finalization phase. The brief was completed with reliance on research assistance that, upon review, included Westlaw and other automated AI-generated content that was not properly verified against primary sources before filing. *See* accompanying Declaration of Jack Russo ("Russo Decl."), ¶¶ 12-15.

Counsel takes full responsibility for these citation errors. The duty under the American Bar Associations Model Rules of Professional Conduct, Rule 3.3, the California Rules of Professional Conduct, Rule 3.3 and this Court's Guidelines for Professional Conduct requires attorneys to ensure accuracy of all representations to the Court. Upon discovering these defects, counsel immediately ceased reliance on the filing and commenced this withdrawal process.

Opposing counsel additionally demanded payment of Plaintiff's attorney's fees allegedly incurred in opposing what was a flawed, but not otherwise frivolous, motion. *See, e.g.,* Russo

1  Decl., Exhibits F and G, which was quickly sent to Plaintiff's counsel highlighting and redacting
2  the noted cites and quotes Plaintiff has identified. Defendant suggested deferring all fee disputes
3  given the prevailing party clause in the parties' 2016 Agreement as any entitlement to fees under
4  these circumstances can be decided at the end of the case as would occur in any event.
5  Accordingly, a stipulation could not be reached, necessitating this administrative motion. Russo
6  Decl., ¶¶ 12-15.

## ANALYSIS

### A. Civil Local Rule 7-11 Provides the Appropriate Mechanism for This Relief.

Civil Local Rule 7-11 authorizes administrative motions for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned judge." Withdrawal of a motion containing citation defects falls squarely within this provision as an administrative matter requiring Court intervention where parties cannot stipulate. Cases have recognized withdrawal as the appropriate remedy when counsel discovers citation errors that undermine the reliability of filed briefs. This approach serves judicial efficiency by avoiding extended motion practice on briefs with compromised authority.

### B. Immediate Withdrawal Serves Interests of Justice and Judicial Efficiency.

Federal courts have consistently held that the duty of candor requires prompt correction when errors are discovered. The Northern District of California's Guidelines for Professional Conduct, section 7, emphasize that written materials should "accurately state current law."

Here, immediate withdrawal is important to avoid expending resources on a brief with compromised legal authority.

### C. Circumstances Support Relief.

The discovery of citation errors resulted from research methodology failures during unusual circumstances, not intentional misrepresentation. Lead counsel's COVID absence and recovery (at over 70 years old) created delegation and oversight challenges that contributed to inadequate verification procedures. Counsel has appropriately implemented enhanced

verification protocols including mandatory cross-checking of all citations against multiple primary sources and secondary review before filing. These corrective measures address the underlying cause and protect against similar future issues. *See* Russo Decl., ¶¶ 10-11.

By analogy, Federal Rule 11's safe harbor provision contemplates withdrawal as an appropriate remedy for good faith errors discovered after filing. While no motion under Rule 11 has been brought, the same policy favoring correction over sanctions applies to administrative withdrawal here. *See, e.g., Hall v. The Academy Charter School*, No. 2:24-cv-08630-JMW, 2025 WL 2256653 at *6 (E.D. N.Y Aug. 7, 2025) (declining to impose sanctions upon counsel for the use of AI-generated nonexistent caselaw where the circumstances did not support any finding of bad faith, as well as the explanations proffered by counsel); *compare In re Martin*, 670 B.R. 636, 644-646 (N.D. Il. 2025) (table of AI cases summarized; average sanction below $5000).

### D. Certificate of Meet & Confer Today.

Counsel attempted to obtain Plaintiff's stipulation to withdrawal but was unsuccessful. Opposing counsel Gary Sedlik responded to withdrawal requests by demanding payment of all of Plaintiff's attorney's fees as a condition of agreement. Attached as Exhibit A is opposing counsel's correspondence outlining the citation defects and fee demand. Defendant disputes that these circumstances warrant fee shifting at all and especially at this time, as the errors resulted from an unfortunate combination of personal illness and research methodology failures, but not any form of frivolous or bad faith litigation conduct. Plaintiff did not even mention a single one of those defective citations in its opposition to the motion. In particular, the time-based defenses in the parties' undisputed six-year commercial relationship are significant and rely primarily on settled statutory law. No comment whatsoever exists in the opposition brief or any of the declarations as to why or how the motion inaccurately stated the law by reliance on any of the identified incorrect citations.

### CONCLUSION

Defendant respectfully requests that this Court grant this administrative motion and allow withdrawal of the Motion without imposing sanctions on Defendant or its counsel. All fee issues

can wait to the end of the case with adjustments at that time. This relief serves judicial economy and maintains the integrity of the proceedings. The Motion is supported by the declaration and the proposed order submitted herewith.

Dated: August 13, 2025

Respectfully submitted,

/s/ *Jack Russo*

JACK RUSSO

Attorney for Defendant and Counterclaimant MPH

Computerlaw Group LLP
www.computerlaw.com[sm]