UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPPORT COMMUNITY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MPH INTERNATIONAL LLC,<br><br>Defendant. | Case No. 23-cv-04911-JSW<br><br>**ORDER CONTINUING AND CONVERTING HEARING ON MOTION FOR SUMMARY JUDGMENT TO SHOW CAUSE HEARING ON ADMINISTRATIVE MOTION TO WITHDRAW MOTION FOR SUMMARY JUDGMENT**<br><br>Dkt. No. 82 |

This matter comes before the Court upon consideration of Defendant's administrative motion to withdraw its motion for summary judgment, and Plaintiff's response. The Court CONTINUES the hearing currently set for September 12, 2026 to September 26, 2025 at 9:00 a.m. by Zoom webinar.

That hearing will not consider the merits of Defendant's motion for summary judgment and the Court CONVERTS the hearing to a show cause hearing on the administrative motion to withdraw. **The Court ORDERS the principals of the Plaintiffs to appear at this hearing. If the parties or principals require a continuance due to existing conflicts, they may request a continuance to any available date on this Court's law and motion calendar in October or November 2025.**

The Court is **tentatively inclined** to grant Defendant's administrative motion, in part. Federal Rule of Civil Procedure 11(b)(2) that an attorney presenting a motion certifies to the best of their "knowledge, information, and belief formed after an inquiry reasonable under the circumstances [that] … the claims, defenses, and other legal contentions are warranted by existing

1   law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for
2   establishing new law[.]"  In order to determine if counsel has violated Rule 11, the Court applies
3   an "objective standard of reasonable inquiry which does not mandate a finding of bad faith."
4   *Chambers v. NASCO*, 501 U.S. 32, 47 (1991).

5         The issue presented by Defendant's motion is a first for the undersigned Judge, but "[e]ven
6   with recent advances, no reasonably competent attorney should out-source research and writing
7   to" generative artificial intelligence ("AI") "particularly without any attempt to verify the accuracy
8   of that material."  *Lacey v. State Farm Gen. Ins. Co.*, No. CV 24-5205 FMO (MAAx)), 2025 WL
9   1363069, at *3 (C.D. Cal. May 5, 2025).  Recently, courts have found that attorneys violated Rule
10  11(b) by filing briefs drafted with the use of AI without verifying the accuracy of the authority
11  cited.  *See, e.g., Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (quoting Fed. R. Civ. P. 11(b)(2)
12  and *Cooter & Gell v. Hartmarx Corp.*, 396 U.S. 384, 393 (1990)). ("At the very least, the duties
13  imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of,
14  the legal authorities on which they rely.  Indeed, we can think of no other way to ensure that the
15  arguments made based on those authorities are 'warranted by existing law,' … or otherwise
16  'legally tenable.'"); *United States v. Hayes,* 763 F. Supp. 3d 1054, 1063-64 (E.D. Cal. 2025)
17  (collecting cases); *Mavy v. Comm'r of Soc. Sec. Admin.*, No. CV 25-00689-PHX-KML (ASB),
18  2025 WL 2355222, at *5-*7 (D. Ariz. Aug. 14, 2025) (collecting cases); *Mavy*, 2025 WL
19  2355222, at *; *Versant Funding LLC v. Teras Breakbulk Ocean Nav. Enters., LLC*, No. 17-cv-
20  81140, 2025 WL 1440351, at *4, *6 (S.D. Fla. May 20, 2025); *Wadsworth v. Walmart, Inc.*, 348
21  F.R.D. 489, 497 (D Wyo. 2025).

22        Based on the record presented, the Court concludes Defendant's counsel, Jack Russo,
23  violated Rule 11(b)(2) by failing to adequately review the brief and citations therein before he
24  signed and filed it.  Therefore, some sanctions are warranted.  Mr. Russo takes responsibility for
25  the lack of oversight involved and attests he has taken steps to prevent similar errors going
26  forward.  (Dkt. No. 82-1, Declaration of Jack Russo, ¶¶ 5-7, 10-11.)  Under Rule 11(c), sanctions
27  "must be limited to what suffices to deter repetition of the conduct or comparable conduct by
28  others similarly situated."  The Court concludes that Mr. Russo's voluntary actions are not

sufficient.

The Court has reviewed all briefing on Defendant's motion for summary judgment to evaluate what sanctions might be appropriate. The majority of the section that addresses Plaintiff's claims for fraud does not contain hallucinated citations or cases, and there are large portions of the arguments regarding Plaintiff's contract claims that remain unaffected. Plaintiff's opposition focuses primarily on the facts rather than the law, and Plaintiff's counsel, Gary Sedlik, does not attribute that to Mr. Russo's reliance on the hallucinated cases and citations. Indeed, Mr. Sedlik did not discover the issue until after briefing was complete and he began to prepare for the hearing. (Dkt. No. 84-1, Declaration of Gary Sedlik, ¶ 6.) Thus, on balance, the Court cannot say Defendant's motion is so lacking that it is "of little use" to the Court. *Mavy*, 2025 WL 2355222, at *11 (citation and quotation omitted). However, the Court also has been required to divert its attention from the merits of this and other cases to address this issue.

The Court only permits one motion for summary judgment per side. This case has been pending for nearly two years, and Defendant chose to file its motion for summary judgment before the parties began discovery in earnest. The Court does not wish to penalize Defendant for Mr. Russo's errors but concludes it would be unfair to Plaintiff to allow Defendant to completely withdraw the motion and begin anew.

Accordingly, the Court **is tentatively inclined to permit** Defendant to withdraw the existing motion and re-file the motion with the hallucinated cases and citations excised, as set forth in Exhibit G to the Declaration of Jack Russo. The Court will resolve the motion once it is re-filed.[1] *See, e.g., Lacey*, 2025 WL 1363069, at *4 ("If the undisclosed use of AI and the submission of fake law causes a client to lose a motion or case, lawyers will undoubtedly be deterred from going down that pointless route.") (citing Fed. R. Civ. P. 11(c)(4)). In the Court's view, this would not require Plaintiff to re-file its opposition and, thus, the fees incurred in opposing the motion will not have been wasted. The Court also will maintain its ruling Defendant's motion for evidentiary sanctions. (Dkt. No. 76.)

---

[1] Defendant also should excise the reference to "*Artificial Intelligence Corp. v. Casey*, 1 Cal. App. 4th at 28)" on page 17 line 12.

3

The Court **tentatively denies** Plaintiff's request to be reimbursed for all attorneys' fees it incurred to file its opposition brief because, as discussed above, counsel did not discover the case and citation hallucinations until *after* he filed Plaintiff's opposition. The Court **tentatively grants** Plaintiff's request for fees incurred after it discovered the hallucinated cases including reasonable fees incurred in connection with appearing at the show cause hearing.

Finally, the Court **is tentatively inclined** to require Mr. Russo to self-report to the California State Bar by sending a copy of any final order on sanctions the Court imposes and to require him and all members of his firm to complete a minimum of three hours of Continuing Legal Education in ethics or legal technology that must include least one hour on the use of generative AI in the legal context with proof of compliance filed on the docket.

The Court will give the parties the opportunity to address why these sanctions are or are not appropriate at the hearing.

**IT IS SO ORDERED.**

Dated: September 11, 2025

JEFFREY S. WHITE
United States District Judge