UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPPORT COMMUNITY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MPH INTERNATIONAL LLC,<br><br>Defendant. | Case No. 23-cv-04911-JSW<br><br>**ORDER GRANTING MOTION TO WITHDRAW MOTION FOR SUMMARY JUDGMENT AND IMPOSING SANCTIONS**<br><br>Dkt. No. 82 |

This matter comes before the Court upon consideration of Defendant's administrative motion to withdraw its motion for summary judgment. The Court has considered the parties' papers, relevant legal authority, and the parties' arguments at the hearing.

The Court GRANTS Defendant's administrative motion, in part. Federal Rule of Civil Procedure 11(b)(2) that an attorney presenting a motion certifies to the best of their "knowledge, information, and belief formed after an inquiry reasonable under the circumstances [that] … the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" In order to determine if counsel has violated Rule 11, the Court applies an "objective standard of reasonable inquiry which does not mandate a finding of bad faith." *Chambers v. NASCO*, 501 U.S. 32, 47 (1991).

The use of generative artificial intelligence has become a reality within the legal profession. However, "[e]ven with recent advances, no reasonably competent attorney should out-source research and writing to" generative artificial intelligence ("AI") "particularly without any

attempt to verify the accuracy of that material." *Lacey v. State Farm Gen. Ins. Co.*, No. CV 24-5205 FMO (MAAx)), 2025 WL 1363069, at *3 (C.D. Cal. May 5, 2025). The Court accepts Mr. Russo's representation that he did not draft the entire brief using AI. However, courts have found that attorneys violated Rule 11(b) by filing briefs drafted with the use of AI without verifying the accuracy of the authority cited. *See, e.g., Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (quoting Fed. R. Civ. P. 11(b)(2) and *Cooter & Gell v. Hartmarx Corp.*, 396 U.S. 384, 393 (1990)). ("At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely. Indeed, we can think of no other way to ensure that the arguments made based on those authorities are 'warranted by existing law,' … or otherwise 'legally tenable.'"); *United States v. Hayes,* 763 F. Supp. 3d 1054, 1063-64 (E.D. Cal. 2025) (collecting cases); *Mavy v. Comm'r of Soc. Sec. Admin.*, No. CV 25-00689-PHX-KML (ASB), 2025 WL 2355222, at *5-*7 (D. Ariz. Aug. 14, 2025) (collecting cases); *Mavy*, 2025 WL 2355222, at *; *Versant Funding LLC v. Teras Breakbulk Ocean Nav. Enters., LLC*, No. 17-cv-81140, 2025 WL 1440351, at *4, *6 (S.D. Fla. May 20, 2025); *Wadsworth v. Walmart, Inc.*, 348 F.R.D. 489, 497 (D Wyo. 2025).

By Mr. Russo's admission, that is what happened here. Under Rule 11(c), sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Having reviewed the briefing and exhibits on Defendant's motion for summary judgment, the Court cannot say Defendant's motion is so lacking that it is "of little use" to the Court. *Mavy*, 2025 WL 2355222, at *11 (citation and quotation omitted); *see also Noland v. Land of the Free, LLP*, -- Cal. Rptr. 3rd --, 2025 WL 2629868, at *4 (Cal. App. Sept. 12, 2025) (addressing merits of appeal notwithstanding that majority of brief contained hallucinations "because nothing indicates that plaintiff was aware that her counsel had fabricated legal authority, and defendants addressed plaintiff's contentions on the merits"). However, both the Court and Plaintiffs' counsel were required to divert attention from the merits of this and other cases to address this issue.

The Court only permits one motion for summary judgment per side. This case has been pending for nearly two years, and Defendant chose to file its motion for summary judgment before

2

the parties began discovery in earnest. The Court concludes it would be unfair to Plaintiff to allow Defendant to completely withdraw the motion and begin anew. Accordingly, by October 27, 2025, Defendant shall re-file the motion with all hallucinated cases and citations excised. **Defendant shall not replace those citations with new authority or argument.** The Court will resolve the motion once it is re-filed. *See, e.g., Lacey*, 2025 WL 1363069, at *4 ("If the undisclosed use of AI and the submission of fake law causes a client to lose a motion or case, lawyers will undoubtedly be deterred from going down that pointless route.") (citing Fed. R. Civ. P. 11(c)(4)). The Court also will maintain its ruling Defendant's motion for evidentiary sanctions. (Dkt. No. 76.)

The Court has considered Mr. Sedlik's arguments about why a full award of fees to oppose the motion but declines to revise its tentative ruling on that point. The Court will award Plaintiff reasonable attorneys' fees and costs for work done after the opposition was filed. By October 27, 2025, Mr. Sedlik shall submit a declaration with time records for that work, and he may file the time records *ex parte* and under seal.

Finally, the Court **ORDERS** Mr. Russo to self-report by sending a copy this Order to the State Bar of California and to serve a copy on his client. *See, e.g., Noland*, 2025 WL 2629868, at *1 (requiring service of opinion on State Bar of California and client and stating "no brief, pleading, motion, or any other paper filed in any court should contain any citations—whether provided by generative AI or any other source—that the attorney responsible for submitting the pleading has not personally read and verified"). Mr. Russo shall file proofs of service with the Court by no later than October 27, 2025.

**IT IS SO ORDERED.**

Dated: October 6, 2025

_____
JEFFREY S. WHITE
United States District Judge