UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUPPORT COMMUNITY, INC.,

Plaintiff,

v.

MPH INTERNATIONAL LLC,

Defendant.

Case No. 23-cv-04911-JSW

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CONTINUING CASE MANAGEMENT CONFERENCE**

Re: Dkt. No. 67

This matter comes before the Court upon consideration of the corrected motion for summary judgment filed by Defendant MPH International LLC ("MPH"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY DENIES MPH's motion.[1]

## BACKGROUND

In late 2016, MPH and SC began a business relationship that ended in November 2022. The parties agree that in late 2016, they signed a contract, which SC describes in its Complaint as a "Development Program Agreement ('MPH Agreement')." (Compl. ¶ 15; *see also* Docket No. 67-2, Declaration of Patrick Morrison ("Morrison Decl."), ¶¶ 3, 16.)[2] MPH's founder and CEO, Michael Hogan, attests that an unsigned document entitled "MPH International Development Program Agreement" (hereinafter the "MPH DPA") is the parties' contract. (Dkt. No. 62-1, Declaration of Michael Hogan ("Hogan Decl."), ¶¶ 2, 11.b, Ex. A (MPH DPA).) Morrison attests

---

[1]   The Court DENIES each party's request to strike the opposing parties' declarations in their entirety.

[2]   The Court has only relied on the first sentence of paragraph 16 and overrules any objections to that statement.

he has been unable to find a signed copy of the contract he signed.  (Morrison Decl., ¶ 17.)[3]
Morrison does not attest that the MPH DPA is materially different from the document he signed.

The MPH DPA contains the following terms:

> 1.2.   Upon delivery of each deliverable by MPH, [SC] shall have 30-days to accept or reject the deliverable and pay the associated fee. … Any deliverable not accepted or rejected within the 30-day period shall be deemed accepted.
>
> 5.2.   MPH's maximum aggregate liability with respect to this Agreement whether under theory of contract, tort (including negligence), strict liability or otherwise shall be limited to the aggregate amount of payments made by [SC] to MPH during the six-month period prior the claim.
>
> 7.5.   This Agreement, and Exhibits hereto and the documents and instruments and other agreements among the parties hereto referenced herein: (a) constitute the entire agreement among the parties with respect to the subject matter hereof and supersede all prior agreements and understandings both written and oral, among the parties with respect to the subject matter hereof; and (b) are not intended to confer upon any other person any rights or remedies hereunder.

The MPH DPA also includes the following provision:  "Subject to the terms and conditions of this Agreement and payment of fees described in Exhibit B, MPH grants [SC] a fully paid up, irrevocable, worldwide, sub-licensable, transferable, royalty-free license to Products without duty of accounting[.]"  (MPH DPA § 2.2.)  The term "Products" is defined as "social networking software as described in Exhibit A."  (*Id.*, Recitals, § B.)  Exhibit A to the MPH DPA is a document entitled "Proposal: Family Support Centers Community Platform Development." (*Id.* at ECF pp. 144-149 ("Proposal").)  Exhibit B to the MPH DPA calls for SC to pay MPH $280,000 in three installments for the "initial project" cost.  (*Id.* at ECF 143; *see also* Proposal at 5 (setting forth pricing for services outlined in the proposal to be paid in three installments).)  The Proposal also references the cost for "optional on-going services."  (Proposal at 5.)

SC brings claims against MPH for breach of written contract, breach of oral contract, and fraud, among others.[4]  The Court will address additional relevant facts as necessary in its analysis.

---

[3]   The Court relied only on the first sentence of paragraph 17.

[4]   MPH moved for summary judgment on all of SC's claims, but its arguments focus only on the beach of contract and fraud claims.  The Court has limited its analysis accordingly.

**ANALYSIS**

**A.      Applicable Legal Standard.**

"A party may move for summary judgment, identifying each claim or defense … on which summary judgment is sought." Fed. R. Civ. P. 56(a). The principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment, or partial summary judgment, is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court may not weigh evidence or make determinations of credibility. Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *see also* Fed. R. Civ. P. 56(c).

An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson*, 477 U.S. at 248-49. A fact is "material" if it may affect the outcome of the case. *Id.* at 248. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. … In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage, Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (cleaned up). If the moving party "comes forward with sufficient evidence, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Id.* (cleaned up).

If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or shows that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its initial burden, the

United States District Court
Northern District of California

non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

"A mere scintilla of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some significant probative evidence tending to support the complaint." *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997) (cleaned up). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.      MPH Is Not Entitled to Summary Judgment on SC's Breach of Contract Claims.**

**1.      MPH Is Not Entitled to Summary Judgment Based on Provisions Contained in the MPH DPA.**

According to Hogan, the MPH DPA governed the parties' six-year business relationship, and MPH argues that this Court and the Ninth Circuit have determined the MPH DPA is the only operative agreement. (Hogan Decl., ¶ 11.b.) MPH is mistaken. When MPH moved to compel arbitration, the Court relied on the same version of the MPH DPA filed in connection with this motion to conclude *for purposes of that motion*. The Court only determined that MPH had met its burden to show the parties agreed to arbitrate disputes. The Court did not find that it was the only contract at issue. *See generally Support Community, Inc. v. MPH Int'l, LLC*, 2024 WL 1974551 (N.D. Cal. May 2, 2024). Similarly, when the Ninth Circuit affirmed the Court's decision to deny the motion to compel, it also did not make a conclusive ruling that the only contract at issue was the MPH DPA. *Support Community, Inc. v. MPH Int'l, LLC*, No. 24-3499, 2025 WL 547380 (9th Cir. Feb. 19, 2025).

According to Morrison, the document the parties signed in 2016 "was solely for the software development underlying a single MVP web app product and nothing else." (Morrison, ¶ 3; *see also id.* ¶ 7.) He claims that by 2017 "the initial 2016 agreement terminated." (*Id.* ¶ 20.)[5]

---

[5]      The Court sustains MPH's objections to Morrison's statements about what MPH understood and overrules the objections to SC's understanding of the parties' relationship at that time.

Consistent with the allegations in the Complaint, Morrison attests the parties "decided to enter a series of new, separate oral and written agreements to create a better, functional web app … and I agreed as part of these new oral and written agreements to pay MPH on a monthly basis for MPH's development of this new product." (*Id.* ¶ 23; *see also id.* ¶ 24 ("It was always my intention and understanding that these new agreements were unrelated to the initial 2016 agreement….").).)[6] In contrast, Hogan claims that the MPH DPA is the only contract. Yet, Hogan also includes an email exchange between him and Morrison from 2019, which discusses the costs of creating a mobile app for SC. (Hogan Decl., ¶ 6.b, Ex. Q.)

The Court concludes the testimony presented by declaration from Morrison and from Hogan is not so inherently incredible that the Court should disregard either declaration. Because there are genuine disputes about whether the MPH DPA governed the parties' relationship after 2017, the Court concludes MPH has not met its burden to show as a matter of law that Sections 1.2, 5.2, or 7.5 of that agreement preclude SC's contract claims.

### 2. MPH Is Not Entitled to Judgment on its Statute of Limitations Defense.

MPH argues both of SC's breach of contract claims are barred by California's statutes of limitations, an affirmative defense for which it will bear the burden of proof. *See Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1991 (2013). The statute of limitations for a breach based on a written agreement is four years from the date of the breach. Cal. Code Civ. P. § 337(a); *Spear v. Cal. State Auto Ass'n*, 2 Cal. 4th 1035, 1042 (1992). The statute of limitations for a breach based on an oral agreement is two years. *Id.* § 339.1. The discovery rule will postpone the "accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999). Although the discovery rule "applies to most tort actions, it has been held applicable to certain types of breach of contract actions, such as those involving fraud or misrepresentation by the defendant." *NBC Univ. Media, LLC v. Sup. Ct.*, 225 Cal. App. 4th 1222, 1233 (2014).

MPH moved for summary judgment before discovery was complete. Although Morrison

---

[6] The Court sustains MPH's objections to the extent Morrison purports to express MPH's intentions and otherwise overrules the objections.

United States District Court
Northern District of California

attests the parties "decided to enter into a series of new, separate oral and written agreements" for additional projects for which SC would pay MPH monthly, the exact terms of these additional agreements are not before the Court. (*See, e.g.,* Morrison Decl., ¶¶ 23-24.) Based on the Complaint, SC claims that MPH invoiced it for certain services that it did not provide. As discussed above, there are disputed issues of fact about whether the MPH DPA governed the parties' relationship after 2017. Hogan admits in his declaration that there were at least some billing errors. (Hogan Decl., ¶ 9.) Hogan also contends that Morrison had the information necessary to discover the alleged breaches. (*See, e.g., id.* ¶ 5.e.) Morrison attests that although he did have contact with the team, he did not learn about the issues with the invoices until 2022. This conflicting testimony raises genuine disputes of fact about whether the discovery rule would apply to SC's claims.

SC's breach of contract claim also is based, in part, on a theory that MPH breached the parties' written agreement in November 2022 by denying SC access to "the software code and repositories necessary to operate, maintain, customize, service and develop the Support Community" apps, "notwithstanding the contractual grant of a 'fully paid up, irrevocable, worldwide, sub-licensable, transferable, royalty-free license[.]" (*See* Compl. ¶¶ 56, 60; *see also id.* ¶ 78.) MPH includes an email from Morrison to Hogan, in which Morrison demanded MPH's "cooperation in turning over all property owned, used or licensed by [SC] before and after such termination." (Hogan Decl., ¶ 10.c, Ex. X.) Morrison attests that MPH "refused to provide" SC with that software. (Morrison Decl., ¶ 51.)[7]

MPH also asserts that SC's breach of oral contract claim would be barred by the Statute of Frauds. *See* Cal. Civ. Code § 1624. However, MPH's argument focuses only on Section 7.5 of the MPH DPA, which is the integration clause. MPH provides no analysis about why SC's breach of contract would be barred by Section 1624 and does not address it in its reply. MPH fails to

---

[7]  The Court sustains MPH's objections to Morrison's legal conclusions that MPH breached obligations and that its refusal to provide SC with the software was "wrongful and unlawful." It otherwise overrules the objections to Morrison's attestation that MPH refused to provide SC with the software.

meet its burden to show it is entitled to judgment on that basis.

The Court concludes MPH has not met its burden to show that it is entitled to judgment as a matter of law on its statute of limitations defense to SC's breach of contract claims.

**C.      MPH Is Not Entitled to Summary Judgment on SC's Fraud Claim.**

MPH argues SC's fraud claim is barred by the same contractual provisions that it argued barred the contract claims.  For the reasons set forth in Section B.1, the Court DENIES its motion.  MPH also argues this claim is barred by California's three-year statute of limitations.  Cal. Code Civ. P. § 338(d).  A fraud claim does not accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." *Id.*  SC alleges MPH made false representations about the work it was performing for SC.  (*See* Compl. ¶¶ 4-5, 17, 31-34, 36-53, 96-99.)

MPH submits an email dated May 31, 2018, in which Hogan advised Morrison that MPH was converting a "QA to dev to get more done" but would still bill SC at the lower QA rate. (Hogan Decl., ¶ 6, Ex. N.)  If that incident was the only basis for SC's fraud claim, MPH's argument might have merit, but it is not.  SC also premises its fraud claims on representations MPH made about its teams' qualifications and on representations regarding what MPH paid its employees in the Philippines.  Although SC alleged that it communicated daily with the team in the Philippines (Compl. ¶ 26), Morrison attests that SC first learned about these misrepresentations in "late 2022" during discussions with MPH employees in the Philippines.  (Morrison Decl., ¶¶ 18, 29, 38, 47.)[8]  The Court concludes there are disputed issues of fact about when SC's fraud claims accrued.

Accordingly, the Court DENIES MPH's motion for summary judgment on SC's fraud claim.

//

//

//

//

---

[8]      MPH objects to other portions of these paragraphs.  The Court has relied on them only for Mr. Morrison's statements about when he and SC learned MPH's statements allegedly were false.

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court DENIES MPH's motion for summary judgment. In light of this ruling, the Court CONTINUES the case management conference scheduled for February 13, 2026, to March 27, 2026, at 9:00 a.m.  The parties shall file an updated joint case management statement by March 20, 2026.

**IT IS SO ORDERED**.

Dated: February 11, 2026

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

8